IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-4324 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

## ORDER

**AND NOW**, this 31st day of October, 2019, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Frank Nellom (Doc. No. 4), the response in opposition to the petition filed by the respondents (Doc. No. 17), and United States Magistrate Judge Carol Sandra Moore Wells' report and recommendation (Doc. No. 19); accordingly, it is hereby **ORDERED** as follows:

1. The clerk of court is **DIRECTED** to **REMOVE** this action from civil suspense and **RETURN** it to the court's active docket;

2. The Honorable Carol Sandra Moore Wells' report and recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED** with additions listed in the footnote below;[1]

3. The petitioner's petition for a writ of habeas corpus (Doc. No. 4) is **DISMISSED WITHOUT AN EVIDENTIARY HEARING**;

4. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[2]

5. The clerk of court shall mail the petitioner two blank copies of the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254;[3] and

6. The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Since neither party filed objections to Judge Wells' report and recommendation (with said objections having been due by October 11, 2019, for the respondents, and October 15, 2019, for the petitioner), the court need not review the report before adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). Nonetheless, "the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Id.* As such, the court will review the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The court has reviewed Judge Wells' report for plain error and has found none.

In Judge Wells' report, she notes that the petitioner (albeit confusingly) appears to request that the court remove his 1991 rape conviction in *Commonwealth v. Nellom*, No. CP-51-CR-412681-1987 (Phila. Cty. Ct. Com. Pl.) from his record. *See* R. & R. at 2 (citing habeas petition at 6), Doc. No. 19. Judge Wells correctly explains that the petitioner is no longer "in custody" under that conviction as he completed his sentence for that conviction in January 2009. *See id.*; *see also Nellom v. Vaughn*, Civ. A. No. 01-5416, 2008 WL 150842, at *2 (E.D. Pa. Jan. 14, 2008) (explaining that the petitioner had a release date of January 14, 2009). In addition, Judge Wells accurately explains that

> "a state conviction is no longer open to . . . attack in its own right because the defendant failed to [successfully] pursue those remedies [but] that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

*Id.* (quoting *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 403 (2001) (citation omitted)). Judge Wells further correctly concludes that the petitioner failed to advance any exception to this general rule. *Id.* at 2–3.

This court notes that the petitioner has already sought habeas relief from his conviction at No. CP-51-CR-412681-1987 on at least one occasion. *See Nellom v. Vaughn*, Civ. A. No. 01-5416; *see also* R. & R. at 2. As such, even if the petitioner was in custody under his conviction or if he had advanced or shown an exception to the general rule referenced above, the instant petition would be a second or successive section 2254 petition over which this court would lack jurisdiction because the petitioner never obtained an order from the Third Circuit authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." (citing 28 U.S.C. § 2244(b)(3)(A)).

This court also notes that the petitioner had originally commenced this action by submitting a section 2254 petition that was not on the proper form. Doc. No. 1. The court ordered him to file a new petition on the proper form, and the petitioner complied with this order. Doc. Nos. 3, 4. Although the petitioner filed a section 2254 petition on the proper form, he attached a copy of his original petition to that form. *See* Doc. No. 4 at ECF pp. 18–47.

In this additional document, *i.e.* the original habeas petition, while unclear, the petitioner appears to have also raised issues with two convictions in the Delaware County Court of Common Pleas. *See id.* at ECF p. 18 (referencing *Commonwealth v. Nellom*, No. CP-23-CR-8070-2013 (Delaware Cty. Ct. Com. Pl.) and *Commonwealth v. Nellom*, No. CP-23-CR-1043-2016 (Delaware Cty. Ct. Com. Pl.)). To the extent that the petitioner is raising any habeas claims concerning his convictions and sentences in those cases, they are not properly part of this action because "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e) of the Rules Governing Section 2254 Cases. Here, if the petitioner is also challenging his convictions in the Delaware County Court of Common Pleas, he is seeking relief from judgments of more than one state court – the Court of Common Pleas of Philadelphia County and the Delaware County Court of Common Pleas – and he would have to seek relief from those Delaware County judgments via separate petitions. To the extent that the petitioner would seek to challenge these convictions in separate actions, the court will direct the clerk of court to mail him blank section 2254 forms. By directing that the clerk mail these forms to the petitioner, this court is not indicating that any challenges in those cases have merit, that the petitions would be timely, that any claims would be properly exhausted, or that the petitioner would be in custody on any judgments of sentence imposed in the Delaware County cases.

[2] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[3] If the petitioner completes and returns these blank forms, the clerk of court shall docket any new petitions at new civil action numbers. They shall not be docketed in this case.