IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANK NELLOM, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 18-4324 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA and THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 5th day of November, 2019, this court having entered an order on October 31, 2019, which, *inter alia*, adopted the report and recommendation issued by United States Magistrate Judge Carol Sandra Moore Wells and dismissed the petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 without holding a hearing (Doc. No. 21); and the court having noted in this order that no party submitted objections to the report and recommendation and the time for submitting objections had passed, *see* Oct. 31, 2019 Order at 1, n.1, Doc. No. 21; and

**THE CLERK OF COURT HAVING** docketed an objection to the report and recommendation submitted by the petitioner **after** the clerk had docketed the undersigned's order, *see* Doc. No. 22;[1] and the petitioner claiming he was transferred from SCI – Camp Hill to SCI – Phoenix on September 18, 2019, and did not receive the report and recommendation until October 11, 2019, *see* Obj. to R. & R. at 3, Doc. No. 22; and the court, even though the petitioner did not take the appropriate action by seeking an extension of time to file objections upon his receipt of the report and recommendation on October 11, 2019,[2] desiring to ensure that the petitioner's

objections about the report and recommendation are considered; and the court interpreting the petitioner's submission as a request that the court extend the time for him to submit his objections; and the court finding that the petitioner's transfer to a different state correctional facility and delayed receipt of the report and recommendation provides good cause to grant the request; accordingly, it is hereby **ORDERED** as follows:

1. The petitioner's request that the court extend the time for him to file objections to the report and recommendation is **GRANTED**. The court will consider the objections to the report and recommendation (Doc. No. 22) to have been timely filed;

2. The court's October 31, 2019 order (Doc. No. 21) is **VACATED**;

3. The objections to the report and recommendation (Doc. No. 22) are **OVERRULED**;[3]

4. The Honorable Carol Sandra Moore Wells' report and recommendation (Doc. No. 19) is **APPROVED** and **ADOPTED**;

5. The petitioner's petition for a writ of habeas corpus (Doc. No. 4) is **DISMISSED WITHOUT AN EVIDENTIARY HEARING**;

6. The petitioner has not made a substantial showing of the denial of a constitutional right and is therefore not entitled to a certificate of appealability, 28 U.S.C. § 2253(c)(2);[4]

7. The clerk of court shall mail the petitioner two blank copies of the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254. In addition, the clerk of court shall mail a copy of the petitioner's original habeas petition (Doc. No. 1) and amended habeas petition (Doc. No. 4) to him;[5] and

8.  The clerk of court shall mark this case as **CLOSED**.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The clerk of court docketed the order at 2:40 p.m. and the objections at 3:50 p.m.

[2] By this date, the petitioner still had until October 15, 2019, to file objections to the report and recommendation because he had an additional three days to file objections insofar as the clerk of court served the report and recommendation upon him by regular mail and the 17th day fell on a holiday, Columbus Day. *See* Fed. R. Civ. P. 6(d) (providing parties with additional three days to act if served by mail under Rule 5(b)(2)(C)); Fed. R. Civ. P. 6(a)(1)(C) ("When the period is stated in days or a longer unit of time: . . . **(C)** include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

[3] The court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations or report). Here, in resolving the objections to the report and recommendation, the court has considered the petition (Doc. No. 4), the response in opposition to the petition filed by the respondents (Doc. No. 17), and Judge Wells' report and recommendation (Doc. No. 19).

In the objections, the petitioner appears to contend that (1) Judge Wells erred by not considering his claims pertaining to two convictions in Delaware County, (2) the Philadelphia District Attorney's Office withheld exculpatory evidence from the Superior Court of Pennsylvania and did not comply with an order by the Superior Court, and (3) Judge Wells mischaracterized his claim as relating to expungement when it instead relates to the Philadelphia District Attorney's Office's failure to enforce the order of the Superior Court. *See* Obj. to R. & R. at ECF pp. 2–3, Doc. No. 22. The petitioner also requests that this court transfer the matter to the Honorable Eduardo C. Robreno as he "presided over the case this matter relates for disposition." *Id.* at ECF p. 4.

Regarding his final objection/request, the petitioner has provided no basis for this court to transfer this matter to Judge Robreno and declines to do so. Concerning his second and third objections listed above, the petitioner's objections are confusing and, as such, the court cannot discern his claims insofar as he neither identifies the Superior Court's order nor specifies how the Philadelphia District Attorney's Office failed to comply with it. *See* Obj. at ECF pp. 2–3. Nevertheless, because he references it in his habeas petition, it is possible that the petitioner is referring to the Superior Court's decision in *Commonwealth v. Nellom*, 565 A.2d 770, 776 (Pa. Super. 1989). In his petition, he references this decision for the proposition that "only a verdict of Guilty or Not Guilty of both charges could appear of record." Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 4, Doc. No. 4. This court has reviewed this decision and it does not state the proposition referenced by the petitioner. Instead, the Superior Court addressed whether the trial court erred in (1) granting the Commonwealth's motion for an extension of time to retry the petitioner on rape and involuntary deviate sexual intercourse charges and (2) allowing the Commonwealth to cross-examine his character witness about his previous conviction for robbery. *Nellom*, 565 A.2d at 772–77. The Superior Court concluded that the trial court did not commit an abuse of discretion by extending the time for the Commonwealth to retry the petitioner, and that the court committed prejudicial error by allowing the Commonwealth to cross-examine the character witness about the robbery conviction. *Id.* As such, the court reversed the conviction and remanded the matter for a new trial. *Id.* at 777. The Superior Court did not state anything remotely resembling the proposition referenced by the petitioner in the opinion.

Even though the Superior Court's decision does not state the proposition referenced by the petitioner, this court could not sustain his objections because he fails to address the main point of the report and recommendation; namely, that he is no longer in custody under his rape conviction in *Commonwealth v. Nellom*, No. CP-51-CR-412681-1987 (Phila. Cty. Ct. Com. Pl.) and therefore is essentially ineligible for habeas relief on that conviction. *See* R. & R.

at 2–3, Doc. No. 19. While the petitioner claims that Judge Wells misinterprets his contention about this conviction, this court's finds Judge Wells' interpretation of his confusing claim to be reasonable under the circumstances. And again, even if Judge Wells should have construed his claim as one complaining about the failure of the Philadelphia District Attorney's Office to comply with an unidentified Superior Court's order, he would not be entitled to any relief because he has wholly failed to address the fact that he is no longer in custody under the sentence imposed for that conviction.

In this regard, Judge Wells correctly explains that the petitioner is no longer "in custody" under that conviction as he completed his sentence for that conviction in January 2009. *See id.*; *see also Nellom v. Vaughn*, Civ. A. No. 01-5416, 2008 WL 150842, at *2 (E.D. Pa. Jan. 14, 2008) (explaining that the petitioner had a release date of January 14, 2009). In addition, Judge Wells accurately explains that

> "a state conviction is no longer open to . . . attack in its own right because the defendant failed to [successfully] pursue those remedies [but] that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained."

*Id.* (quoting *Lackawanna Cty. Dist. Atty. v. Coss*, 532 U.S. 394, 403 (2001) (citation omitted)). Judge Wells further correctly concludes that the petitioner failed to advance any exception to this general rule. *Id.* at 2–3.

As an additional note concerning the petitioner's conviction, the petitioner has already sought habeas relief from his conviction at No. CP-51-CR-412681-1987 on at least one occasion. *See Nellom v. Vaughn*, Civ. A. No. 01-5416; *see also* R. & R. at 2. As such, even if the petitioner was in custody under his conviction or if he had advanced or shown an exception to the general rule referenced above, the instant petition would be a second or successive section 2254 petition over which this court would lack jurisdiction because the petitioner never obtained an order from the Third Circuit authorizing this court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("The long and short of it is that [the petitioner] neither sought nor received authorization from the Court of Appeals before filing his . . . 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it."); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) ("An individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." (citing 28 U.S.C. § 2244(b)(3)(A)).

Concerning the petitioner's remaining objection regarding his two Delaware County convictions and his desire to move forward with his claims in those cases, he had originally commenced this action by submitting a section 2254 petition that was not on the proper form. Doc. No. 1. The court ordered him to file a new petition on the proper form, and the petitioner complied with this order. Doc. Nos. 3, 4. Although the petitioner filed a section 2254 petition on the proper form, he attached a copy of his original petition to that form. *See* Doc. No. 4 at ECF pp. 18–47.

In this additional document, *i.e.* the original habeas petition, while unclear, the petitioner appears to raise issues with two convictions in the Delaware County Court of Common Pleas. *See id.* at ECF p. 18 (referencing *Commonwealth v. Nellom*, No. CP-23-CR-8070-2013 (Delaware Cty. Ct. Com. Pl.) and *Commonwealth v. Nellom*, No. CP-23-CR-1043-2016 (Delaware Cty. Ct. Com. Pl.)). Even though Judge Wells did not address this attachment in the report and recommendation, to the extent that the petitioner is raising any habeas claims concerning his convictions and sentences in those cases, they are not properly part of this action because "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e) of the Rules Governing Section 2254 Cases. Here, by also challenging his convictions in the Delaware County Court of Common Pleas, he is seeking relief from judgments of more than one state court – the Court of Common Pleas of Philadelphia County and the Delaware County Court of Common Pleas – and he would have to seek relief from those Delaware County judgments via a separate petition (or separate petitions). To the extent that the petitioner would seek to challenge these convictions in separate actions, the court will direct the clerk of court to mail him blank section 2254 forms. By directing that the clerk mail these forms to the petitioner, this court is not indicating that any challenges in those cases have merit, that the petitions would be timely, that any claims would be properly exhausted, or that the petitioner would be in custody on any judgments of sentence imposed in the Delaware County cases.

---
[4] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[5] If the petitioner completes and returns these blank forms, the clerk of court shall docket any new petitions at new civil action numbers. They shall not be docketed in this case.

4